T.C. Memo. 1999-225

UNITED STATES TAX COURT

ESTATE OF AMBROSINA BLANCHE LOPES, DECEASED, JAMES W.
LOPES, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5012-98.                                    Filed July 8, 1999.

<u>Paul J. Barulich</u>, for petitioner.

<u>Marion T. Robus</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This case is before the Court on cross-

motions for partial summary judgment under Rule 121.[1]  Respondent

determined a deficiency of $4,210,985 in the Federal estate tax

_____

[1] All section references are to the Internal Revenue Code in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

of the Estate of Ambrosina Blanche Lopes (decedent).  The sole issue for our consideration is whether fractional ownership interests in realty held in a survivor's trust and in a qualified terminal interest property (QTIP) marital trust should be aggregated in order to determine whether discounts should apply to those interests.  At the time these motions were brought before us, Estate of Mellinger v. Commissioner, 112 T.C. 26, 33 (1999), was pending before another division of this Court.  The parties agreed that the Estate of Mellinger opinion would likely be determinative of the remaining issue in this case.  All other issues determined in the deficiency notice have been resolved.

## Background

Decedent died on October 1, 1993.  At the time of her death, decedent had undivided interests in 21 separate California ranch properties.  These interests had been held in two trusts, a survivor's trust and a QTIP marital trust, as established in a 1985 trust agreement between decedent and her husband, Joaquim C. Lopes (Joaquim).  Decedent's son, James W. Lopes (James), also held undivided interests in some of the ranch properties.

Joaquim predeceased decedent in 1990.  At that time, the properties were allocated between the trusts according to the agreement.  The community property and separate property of decedent were placed in the survivor's trust, while all of Joaquim's community property was placed in the marital trust.

The marital trust allowed for a QTIP election by the trustee under section 2056. Because the QTIP marital trust met the test in section 2056(b)(7), respondent allowed a marital deduction in the Estate of Joaquim Lopes for the value of the property interests passing into that trust.

After Joaquim's death, decedent made gifts of undivided interests in properties held in the survivor's trust to James. James also purchased interests in more of the survivor's trust properties. Decedent died shortly after the last of these transfers. Though the validity of the transfers of these interests was debated at one time, the parties have come to an agreement about the gross fair market values of a 100-percent interest in the properties and about which of the fractional interests in each of the properties are to be included in decedent's gross estate. The parties also have reached an agreement as to the percentage amount of the fractional interest discount to the undivided fair market value of each of the properties. The parties' Stipulation of Settled Issues contains the agreed amounts of each adjustment if we decide either to aggregate the interests for valuation purposes or to value the properties in each trust separately.

Rule 121(b) provides that a motion for summary judgment shall be allowed and considered if the pleadings and admissions show that there is no genuine issue of material fact and that a

decision may be rendered as a matter of law.  See Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). In this case both parties agree that no issues of material fact remain in dispute and that a decision may be rendered as a matter of law.  We agree with them.  Consequently, the issue herein is ripe for summary judgment.

## Discussion

Section 2031(a) provides that the value of property described in sections 2033 through 2044 shall be included in a decedent's gross estate.  Under section 2033, all property beneficially owned by the decedent at the time of death will be included in the gross estate.  Section 2044 includes in the gross estate the value of all property in which the decedent had a qualified income interest for life and for which a deduction was allowed to the estate of a predeceased spouse under section 2056(b)(7) (QTIP).  Upon the death of the second spouse, the QTIP is taxed as part of the second spouse's estate.  See sec. 2044(c).

Property includable in the gross estate is generally included at its fair market value at the time of death.  See secs. 2031-2044.  The fair market value is defined as that price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy

or sell and both having reasonable knowledge of the relevant facts. See United States v. Cartwright, 411 U.S. 546, 551 (1973); sec. 20.2031-1(b), Estate Tax Regs.

The issue here is whether the property interests held in the survivor's trust should be aggregated with the property interests held by the QTIP marital trust for the purpose of determining the fair market value of the property passing from decedent. If the interests are not aggregated, the values will be discounted to reflect lack of marketability and minority interests. See Estate of Mellinger v. Commissioner, supra at 33. We have already rejected the same aggregation argument advanced by respondent, in Estate of Mellinger and in Estate of Nowell v. Commissioner, T.C. Memo. 1999-15. We find no factual or legal distinction that would result in a different conclusion in this case.

In Estate of Mellinger, the decedent died holding stock in her revocable trust and in a QTIP trust, much like decedent in this case. See Estate of Mellinger v. Commissioner, supra at 27. Each of the trusts held shares of stock, which, when combined, would have represented a controlling block of shares in the company. See id. The Commissioner argued that the shares should be aggregated for valuation purposes. This Court, citing the reasoning of the Fifth Circuit in Estate of Bonner v. United States, 84 F.3d 196, 198 (5th Cir. 1996), held that the fractional interests held in QTIP trusts should not be merged

into 100-percent fee ownership with other fractional interests owned by an estate. See Estate of Mellinger v. Commissioner, 112 T.C. at 36-37. In Estate of Bonner the court specifically stated that there was nothing in section 2044 to require the merger of QTIP assets with other assets. See Estate of Bonner v. United States, supra at 198. In Estate of Mellinger, it was explained that nothing in section 2044 nor in the legislative history indicated that the decedent should be treated as the owner of the QTIP shares. See Estate of Mellinger v. Commissioner, supra at 36.

This analysis is equally applicable to the facts before us. Nothing in section 2044 or the accompanying legislative history indicates that Congress intended that the property that "passes through" a decedent's estate under section 2044(c) be treated as if the decedent actually owned that property for purposes of aggregation. Nor is there any indication that those property interests should be merged or aggregated with interests in the same property includable in the decedent's gross estate pursuant to other Code sections for purposes of determining Federal estate tax value. Section 2044 provides only that the fair market value of property in which the decedent had a qualifying income interest for life should be included in the gross estate. See sec. 2044(a). Thus, the fractional interests of the survivor's trust and the QTIP trust should be valued separately.

Because the parties have resolved all remaining issues and stipulated the amounts to be included in the gross estate,

<u>An appropriate order and decision will be entered.</u>