**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-11498
_____

MARY DEAN,

Plaintiff-Appellant,

VERSUS

METHODIST HOSPITALS OF DALLAS, INC.,
doing business as Methodist Hospital

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-2431-P)
_____

November 17, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

Per Curiam:[*]

Mary Dean challenges the district court's entry of summary judgment on her wrongful discharge action, brought under the Family Medical Leave Act("FMLA"), 29 U.S.C. § 2601. For the reasons that follow, we affirm the judgment of the district court.

From 1979 until 1995, Dean worked as a respiratory therapist for Methodist Hospital. In 1992, Dean became clinically depressed and sought treatment for depression and post-traumatic stress disorder. In 1995, Jo Ann Arias, a Methodist Hospital Human Resources employee, told Dean that she could take medical leave under the FMLA. The FMLA entitles any eligible employee who

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suffers from "a serious health condition that makes the employee unable to perform the functions of [his/her] position" to take a maximum of twelve work weeks leave during any twelve-month period. 29 U.S.C. § 2612(a)(1). On April 18, 1995, Dean left her employment at Methodist and began FMLA leave.

In May 1995, Dean's doctor, Inna Kogan, informed Arias that Dean no longer had a serious medical condition and could return to work. Dean did not return to work, however. She alleges in her affidavit that her doctor, in fact, advised her not to do so. Dean also explains that when Arias confronted her with Dr. Kogan's statement, she became depressed and suffered a relapse. Dean also states in her affidavit that Dr. Kogan called Arias to inform her of Dean's poor health status.

Both parties agree that shortly after this incident, Dean wrote a letter to Arias, requesting that the hospital grant her extended leave until July 1, 1995, and that the hospital treat the extended leave period as personal, rather than FMLA, leave. Dean states in her affidavit that she attempted to return to the work at the hospital on July 10, nine days after her scheduled personal leave period had expired. Dean explains that her supervisor informed her that she could not return to work at the hospital until she had spoken with Arias. Dean finally spoke with Arias on July 24, 1995, at which time Arias informed Dean that Methodist did not have any positions available for her.

The following month, Dean filed for unemployment benefits with the Texas Employment Commission. On January 17, 1986, Methodist sent Dean a letter indicating that the hospital's maximum six-month

2

personal leave period had expired on December 15, 1995, and that Dean needed to contact the hospital's human resources department if she planned to apply for any open positions. Dean failed to respond and Methodist subsequently terminated her employment, retroactive to December 15, 1995.

On August 27, 1997, Dean filed this lawsuit, alleging that Methodist had interfered with her employment rights under the FMLA. Methodist moved for summary judgment, arguing that: (1) Dean was no longer entitled to FMLA leave after May 17, 1995, when Dr. Kogan informed Methodist that Dean no longer had a serious medical condition; (2) Dean was not entitled to FMLA leave after June 15, because she had requested that the hospital grant her extended personal leave, rather than FMLA leave; and (3) Dean did not seek to return to work until July 24, 1995, thus exceeding the FMLA's twelve-week leave period.

The district court granted Methodist's motion for summary judgment. The court found that Dean failed to establish a genuine issue of fact as to whether she was entitled to leave after May 17, 1995. The court further held as a matter of law that an employee's FMLA leave period expires as soon as the employee ceases to suffer from a serious medical condition. Accordingly, the court concluded that once Dr. Kogan had determined that Dean no longer suffered from a disabling depression, she was no longer entitled to FMLA leave.

We review de novo the district court's grant of summary judgment, viewing questions of fact in the light most favorable to the party opposing the motion. Horton v. City of Houston, 179 F.3d 188, 191 (5th Cir. 1999). Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S.Ct. 2548 (1986).

Dean argues that the district court erred in concluding that the summary judgment record did not reflect a genuine factual dispute as to whether she was entitled to FMLA leave after May 17, 1995. Dean concedes that she was able to return to work on May 17, but argues that she suffered a relapse as a result of her confrontation with Arias. Dean also argues that Methodist was aware of her relapse, as evidenced by the hospital's willingness to grant her extended, albeit personal, leave.

Dean has failed to present any evidence that would create a genuine issue of fact as to her relapse. A dispute about a material fact is genuine only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Shackleford v. Deloitte & Touche, LLP, __ F.3d __, 1999 WL 728105, *3 (5th Cir. Oct. 4, 1999). On appeal, Dean offers nothing to

support her relapse theory other than conclusory statements in her affidavit, where she states that her confrontation with Arias "triggered additional depression and anxiety for me because Ms. Arias was accusing me of being dishonest." These assertions cannot by themselves create a genuine issue of material fact. "A summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact." Melton v. Teachers Insurance & Annuity Assoc. of America, 114 F.3d 557, 559 (5th Cir. 1997); see also Lechuga v. Southern Pacific Transp. Co., 949 F.2d 790, 798 (5th Cir. 1992)("Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment."). This is particularly true in light of Dr. Kogan's uncontroverted and unambiguous statement to Arias that Dean was "able to return to work." Dean's affidavit, therefore, does not create a genuine issue of material fact as to whether Dean suffered a relapse. See Murray v. Red Kap Indus., Inc., 124 F.3d 695, 698 (5th Cir. 1997)(holding that plaintiff's statement that she was unable to return to work was insufficient to create genuine issue of fact where doctor had previously released her to return to work.)

The FMLA permits eligible employees to take a *maximum* of twelve workweeks of leave during any 12-month period. 29 U.S.C. § 2612(a)(1); 29 C.F.R. § 825.200 (FMLA leave entitlement sets a 12-month limit). Employees are eligible for FMLA leave only so long as they (1) suffer from a serious health condition and (2) are unable to perform the functions of their position. 29 U.S.C. §

5

2612(a)(1)(D); <u>see</u> <u>Stoops v. One Call Communications, Inc.</u>, 141 F.3d 309, 314 (7th Cir. 1998)(holding that where employer has obtained physician's certificate stating that employee is not entitled to FMLA leave, the employer does not violate FMLA by relying on that certificate). Because the summary judgment evidence indicates that after May 17, 1995, Dean was able to perform the functions of her position she was not entitled to FMLA leave after that date. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.