# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 99-40444
Summary Calendar

JOSE ENRIQUE DELGADO,

Plaintiff-Appellant,

versus

MIKE RATCLIFF, Sheriff;
RAY RUIZ, Captain;
DONNA G. FRONTZ, also known as Donna Locke;
UNKNOWN DEPUTY,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-96-CV-80

April 18, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Enrique Delgado, Texas prisoner # 667562, appeals from the district court's grant of summary judgment in favor of the defendants. Delgado filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants had violated his constitutional rights by: (1) forcing him to sleep on the floor of a cell for approximately two weeks; (2) ordering him to sleep on the top bunk of his next cell despite his complaints that his debilitating back condition made it difficult for him to climb up the ladder; (3) after he fell out of the top bunk and was sent to the hospital, ordering him back into the top bunk; and (4) after he fell out of the top bunk a second time and severely injured

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his knee, denying him follow-up medical treatment at the hospital. Delgado amended his complaint to add allegations of supervisory and municipal liability.

We review a district court's grant of summary judgment de novo, applying the same standard as would the district court. Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). For at least a portion of the time that Delgado was housed at the Victoria County Jail, he was a pretrial detainee. The State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm during their confinement" Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)(en banc). A prison official is not liable under § 1983 unless the prisoner shows that the official exhibited deliberate indifference to his conditions of confinement or serious medical needs. Farmer v. Brennan, 511 U.S. 825, 837-43 (1994). The prisoner must show that the official: (1) was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; (2) drew an inference that such potential for harm existed; and (3) disregarded that risk by failing to take reasonable measures to abate it. Id. at 837, 847. A pretrial detainee's claim based upon a jail official's "episodic act or omission" is also evaluated under the standard of subjective deliberate indifference enunciated in Farmer. Hare 74 F.3d at 648.

Our review of the record indicates that, in their motion for summary judgment, the defendants met their burden of informing the court of the basis for its motion and identifying those portions of the record which it believed demonstrate the absence of a genuine issue of material fact, thereby entitling them to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also FED. R. CIV. P. 56(c). Delgado failed to respond to the defendants' motion for summary judgment. The medical records, the defendants' affidavits, and Delgado's verified complaint fail to show that the defendants were aware of any substantial risk to Delgado's health or safety regarding any of his claims. In addition, Delgado makes only conclusory allegations of supervisory and municipal liability which are insufficient to support his claims. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). The district court did not err in granting the defendants' motion for

2

summary judgment. The district court's judgment dismissing Delgado's § 1983 complaint is AFFIRMED.