**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-30827
Summary Calendar**

_____

**MICHAEL W. KELLEY,**

**Plaintiff-Appellant,**

**versus**

**PRUDENTIAL INSURANCE CO. OF AMERICA;
CAMCO INTERNATIONAL, INC.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-1840)**

_____

May 2, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Concerning summary judgment being awarded Appellees in Michael W. Kelley's action arising out of his being denied long-term disability benefits under Camco's employee benefit plan, Kelley contends that the district court erred in finding _no_ conflict between the offset provisions in his employer's (Camco's) Summary Plan Description (SPD) and Prudential's policy and expanding the offset provisions contained in the SPD by including general damages as other income. (Kelley had settled a third-party, personal injury action. His retirement from Camco was linked to that.)

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A summary judgment is reviewed *de novo*. *E.g., **Melton v. Teachers Ins. & Annuity Ass'n of America***, 114 F.3d 557, 559 (5th Cir. 1997). Denial of ERISA benefits by a plan administrator vested with the authority to make a final and conclusive determination of claims is reviewed for abuse of discretion. *E.g.,* ***Meditrust Financial Servs. Corp. v. Sterling Chemicals, Inc.***, 168 F.3d 211, 213 (5th Cir. 1999).

Based on our review of the record and briefs, there was *no* direct conflict between the SPD and Prudential's policy. *See* ***Hansen v. Continental Ins. Co.***, 940 F.2d 971, 982 (5th Cir. 1991); ***Wise v. El Paso Natural Gas Co.***, 986 F.2d 929, 938-39 (5th Cir.), *cert. denied*, 510 U.S. 870 (1993). Accordingly, Prudential did *not* abuse its discretion in denying benefits to Kelley. Therefore, essentially for the reasons stated by the district court. ***Kelley v. Prudential Ins. Co., et al.***, No. 6:98-1840 (W.D. La. 1999) (unpublished), the judgment is

***AFFIRMED***.