**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-20063**
_____

**CALVIN WAYNE COPELAND,**

**Plaintiff-Appellee,**

**VERSUS**

**ROBERT ALAN NUNAN, ET AL.,**

**Defendants,**

**ROBERT ALAN NUNAN,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
For the Southern District of Texas

(H-96-CV-226)
_____

February 21, 2001

Before POLITZ, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

## I.

Calvin Wayne Copeland ("Copeland") filed a *pro se* 42 U.S.C.

§ 1983 complaint in January 1996, during his incarceration with the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas Department of Criminal Justice's Institutional Division.[1]  In his complaint, Copeland alleged that a prison pharmacist, Robert Nunan, fondled his penis through the food slot of his cell on three separate occasions, March 28th, 30th, and 31st of 1995, and that Nunan also fondled his anus on the March 28th occasion.

Copeland contended that Nunan's alleged actions violated the Eighth Amendment, constituted both negligence and battery under Texas law, and violated the Texas Deceptive Trade Practices Act. Nunan moved the district court for entry of summary judgment in his favor on the basis that Copeland had failed to allege a violation of a constitutional right and that Nunan was entitled to qualified immunity.  The district court denied Nunan's motion, holding that Copeland had alleged a violation of the Eighth Amendment and that Nunan was not entitled to qualified immunity.

Nunan has timely filed this interlocutory appeal from the denial of qualified immunity.  Because we conclude that Nunan is entitled to qualified immunity, we reverse the district court's order denying summary judgment.

## II.

We note at the outset, that despite the absence of a final judgment, a district court's denial of a claim of qualified immunity is an appealable final decision within the meaning of 28

---

[1]Copeland was released from prison in January 1999, and as of March 5, 1999, he has been represented by appointed counsel.

U.S.C. § 1291. *See Mitchell v. Forsyth*, 105 S. Ct. 2806, 2817 (1985). Thus, we have jurisdiction to determine as a matter of law whether the defendant is entitled to qualified immunity, after accepting all of the plaintiff's factual allegations as true. *See Colston v. Barnhart*, 130 F.3d 96, 98-99 (5th Cir. 1997). However, our jurisdiction over the district court's denial of Nunan's motion for summary judgment is limited solely to the viability of Nunan's qualified immunity defense.

We review the denial of a motion for summary judgment predicated on qualified immunity de novo. *See Hayter v. City of Mt. Vernon*, 154 F.3d 269, 274 (5th Cir. 1998). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). And in reviewing a motion for summary judgment, we must construe all of the evidence and make all reasonable factual inferences in the light most favorable to the non-moving party, in this case, Copeland. *See Melton v. Teachers Ins. & Annuity Ass'n*, 114 F.3d 557, 559 (5th Cir. 1997).

Government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no "clearly established

statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 102 S. Ct. 2727, 2732 (1982). In deciding whether an official is entitled to qualified immunity, "we must determine: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." **Jacobs v. West Feliciana Sheriff's Dept.**, 228 F.3d 388, 393 (5th Cir. 2000).

The district court properly assumed Copeland's allegations to be true and proceeded to address Nunan's entitlement to qualified immunity in light of those allegations. The court held that Copeland had pleaded a "conditions of confinement" violation of the Eighth Amendment by a sexual assault that was "deliberately indifferent" to his welfare. The district court made this conclusion notwithstanding the fact that Copeland explicitly conceded that he had suffered no physical injury. The district court then summarily concluded that "any reasonable prison official knows that forcing the type of unwanted sexual acts alleged in this case upon an inmate is objectively unreasonable and in violation of the inmate's rights." For these reasons, the district court concluded that Nunan was not entitled to the defense of qualified immunity. We disagree.

Copeland's Eighth Amendment argument is framed as one related

4

to the conditions of his confinement, conditions as to which Nunan was allegedly deliberately indifferent. In order to establish a claim based on conditions of confinement, a prisoner must established that he is confined under conditions posing a substantial risk of serious harm and that the defendant prison official was deliberately indifferent to the risk. *See **Farmer v. Brennan***, 114 S. Ct. 1970, 1984 (1994). In none of Copeland's pleadings does he allege that Nunan was deliberately indifferent to a condition of his confinement, rather he alleges entitlement to relief based upon alleged unwanted touchings by Nunan.

Though not recognized in the context of a conditions of confinement claim, sexual assaults against inmates by prison guards without lasting physical injury may be actionable under the Eighth Amendment as acts which are "offensive to human dignity." ***Schwenk v. Hartford***, 204 F.3d 1187, 1196-97 (9th Cir. 2000)(rape of prisoner)(internal quotations and citations omitted). However, not every malevolent touching gives rise to a federal cause of action. *See **Hudson v. McMillian***, 112 S. Ct. 995, 1000 (1992). More specifically, the Supreme Court has said that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" ***Id.*** (quoting ***Whitley v. Albers***, 106 S. Ct. 1078, 1088 (1986)) (internal

5

quotations and citations omitted).

In this case, having reviewed the record in its entirety, we are convinced that Copeland has alleged nothing beyond merely *de minimis* physical or psychological injuries. Copeland concedes that he has no lasting physical injury and alleges only that his penis hurt while it was being touched. He complains of shame and bad memories of the events, but the record evidence, including his medical records, is devoid of competent evidence that Copeland suffered any physical or psychological injuries from the episodes complained of. Though by virtue of having been filed prior to its enactment Copeland's claims are not governed by the provision in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), which would prohibit his recovery for mental or emotional damages in the absence of an accompanying physical injury, our pre-PLRA decisions made it clear that a prisoner could not recover under § 1983 for simply *de minimis* psychological injuries. *See* **Graves v. Doe**, No. 95-20285, slip op. at 3 (5th Cir. Jan. 16, 1996) (unpublished).

Under **Hudson**, Copeland can recover only if Nunan's conduct was "repugnant to the conscience of mankind." **Hudson**, 112 S. Ct. at 1000. While violent sexual assaults involving more than *de minimis* force are actionable under the Eighth Amendment, *see* **Schwenk**, 204 F.3d at 1195, 1997, isolated, unwanted touchings by prison employees, though "despicable and, if true, they may potentially be

6

the basis of state tort actions . . . they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." ***Boddie v. Schneider***, 105 F.3d 857, 860-61 (2d Cir. 1997) (female guard sexually brushed against inmate on multiple occasions).

In this case, we note that at least initially, Copeland consented to a testicular examination by a clinical pharmacist in response to his own complaints about pain in his testicles. Such an examination was well within the scope of Nunan's duties as a clinical pharmacist, which position authorized him to physically examine patients to detect and verify symptoms caused by reactions to various medications. Beyond the initial examination, even assuming the facts as alleged, Copeland was subjected to two additional unwanted touchings for which he suffered no physical and no more than *de minimis* psychological injuries, and from which he was able to escape. We find such touchings, though despicable, not to involve a harm of such federal constitutional proportions as defined by the Supreme Court that they rise to the level of an Eighth Amendment violation, especially in the absence of any physical and no more than *de minimis* psychological injuries unsupported by competent record evidence. For these reasons and under these factual circumstances, we conclude that Copeland has failed to allege a violation of a clearly established constitutional right.

Additionally, even if we assume that Copeland has alleged a sufficient constitutional violation, Nunan is entitled to qualified immunity from suit if his conduct was not objectively unreasonable in light of clearly established law at the time of the incident. *See Jacobs*, 228 F.3d at 393. While in 1995, it was clearly established by cases like *Farmer* and *Schwenk* that a forced sexual assault was repugnant to the conscience of man and therefore an Eighth Amendment violation, it was not clearly established that isolated and uninvited sexual touchings with little if any resulting physical or psychological damage, like those alleged in this case, amount to constitutional violation. Thus, we conclude that Nunan's isolated actions, initially incident to a physical exam consented to by Copeland and not resulting in either lasting or more than *de minimis* injuries, were objectively unreasonable in light of clearly established law at the time. In our view, an objectively reasonable person would not conclude that Nunan's actions violated the Eighth Amendment based on the law in existence at the time of the incidents.

## III.

Having carefully reviewed the complete record of this case, having considered the parties' respective briefing on the issues presented and having heard oral argument, we conclude that Robert Nunan is entitled to qualified immunity. We, therefore, reverse the order of the district court to the extent that it denies

8

Nunan's motion for summary judgment on the qualified immunity issue and remand this case to the district court for entry of summary judgment on qualified immunity grounds in favor of Robert Nunan, and for further proceedings not inconsistent herewith.

**REVERSED and REMANDED.**