IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30097
Summary Calendar
_____

EDDIE J. RICHARDS,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; MICKEY HUBERT;
BARRERO, DR.; KATHY COLE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1191
- - - - - - - - - -
July 10, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eddie J. Richards, Louisiana prisoner # 87240, appeals the
district court's grant of summary judgment dismissing his 42
U.S.C. § 1983 complaint. Richards repeats his claims that he was
forced to work in the field when he had the flu and that while
working in the field he was injured and has been denied "full and
proper medical treatment." Richards' request for the appointment
of counsel is DENIED as no exceptional circumstances exist which

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

would warrant the appointment of counsel.  <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987).

The standard of review of a summary judgment is <u>de novo</u>. <u>Melton v. Teachers Ins. & Annuity Ass'n</u>, 114 F.3d 557, 559 (5th Cir. 1997).  To prevail on a claim of inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

Richards' medical records reveal that he had no symptoms of the flu when he was called out to work and that he has received medical attention since his injury.  The essence of Richards' argument is that he should have been evaluated at Louisiana State University Medical Center rather than treated according to the protocol used at his prison unit.  That the care was unsuccessful or perhaps even negligent at times, or that he disagreed with his treatment is not cognizable under 42 U.S.C. § 1983 as it does not rise to the level of a constitutional violation.  <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).  Accordingly, the judgment of the district court is AFFIRMED.