IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30782
Summary Calendar
_____

JAMES KNOX POLK, JR.,

                                        Plaintiff-Appellant,

versus

DETENTION CENTER OF NATCHITOCHES PARISH;
CRAWFORD FICKLIN; OTIS SHIELDS; DEAN DOVE;
FAYE LEWIS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-293
--------------------
February 20, 2002

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    James Knox Polk, Louisiana prisoner # 337496, appeals from the district court's grant of summary judgment in favor of the defendants.  Polk filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that while he was a pretrial detainee, the defendants housed him with convicts who attacked him.

    We review a district court's grant of summary judgment de novo, applying the same standard as would the district court.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997).  For at least a portion of the time that Polk was housed at the Natchitoches Parish Detention Center, he was a pretrial detainee.  "The State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)(en banc).  A prison official is not liable under § 1983 unless the prisoner shows that the official exhibited deliberate indifference to his conditions of confinement or serious medical needs.  Farmer v. Brennan, 511 U.S. 825, 837-43 (1994).  The prisoner must show that the official: (1) was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; (2) drew an inference that such potential for harm existed; and (3) disregarded that risk by failing to take reasonable measures to abate it.  Id. at 837, 847.  A pretrial detainee's claim based upon a jail official's "episodic act or omission" is also evaluated under the standard of subjective deliberate indifference enunciated in Farmer.  Hare 74 F.3d at 648.

The record shows that, the defendants met their burden of demonstrating the absence of a genuine issue of material fact, thereby entitling them to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also FED. R. CIV. P. 56(c).  The incarceration records and the defendants' affidavits show that the defendants responded to Polk's

complaints as to specific individuals by repeatedly moving him to different dormitories. Polk makes only conclusory allegations of the defendants' liability to support his claims. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). The district court did not err in granting the defendants' motion for summary judgment. The district court's judgment dismissing Polk's § 1983 complaint is AFFIRMED.