**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 21, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 02-41163
Summary Calendar

————————————————

ZACHARY L. KNIGHTEN,

Plaintiff-Appellant,

versus

ROBERT L. OTT; ET AL,

Defendants,

THOMAS MANN, Field Lieutenant; DANNY L. WILBORN,
Field Sergeant; MICHAEL HADNOT, Field Sergeant;
AMY POWELL, Correctional Officer 3; ROBERT BROWN,
Physician; GENE LESTER, Physician; FRED HUFF,
Physician Assistant; MICHAEL MOORE, Physician
Assistant; JEAN MARMARINOU, Head Nurse; ALECIA OWEN,
RN-Nurse; LLODY ASCHBERGER; A. FLOWERS; J. MOTT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-171
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Zachary L. Knighten, Texas prisoner #

627114, appeals the summary-judgment dismissal of his claims of

deliberate indifference to his medical needs, in violation of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Eighth Amendment. He does not brief any argument in connection with the other claims raised in his 42 U.S.C. § 1983 lawsuit, so those claims are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). For that reason, his "Motion to Dismiss Partial Claims," seeking voluntarily to dismiss the other claims raised below, is DENIED as unnecessary.

We review the district court's grant of summary judgment de novo. See Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). Summary-judgment dismissal of Knighten's claim that medical officials were deliberately indifferent to his medical needs by discontinuing his prescription for nitrostat pills was proper. Competent summary-judgment evidence established that Knighten was stockpiling the pills, and that, despite the discontinuation of his prescription, he could receive such pills simply by going to the infirmary when chest pains occurred. Knighten has neither alleged nor shown that he has been denied nitrostat pills on any occasion when he was actually suffering from chest pains. His conclusional assertions that he did not stockpile pills, that he would have received a disciplinary case if he had, and that his medical records were falsified are insufficient to defeat the medical defendants' summary-judgment evidence or to create a genuine issue of material fact. See Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000). Furthermore, these assertions and the statement provided by Knighten's fellow inmate to the effect that Nurse Marmarinou interferes with doctors'

2

diagnoses are irrelevant to the question whether Knighten was ever denied medical treatment for chest pains when they occurred. As the district court determined, Knighten's claim is not one for the denial of medical care but reflects only his dissatisfaction with the treatment he received, which is insufficient to give rise to a 42 U.S.C. § 1983 cause of action. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Knighten also contends that the district court ignored his claims regarding leg and back pain. He renews his argument that he was denied treatment for those pains, as well as his arguments that his medical restrictions were improperly lifted and that he was improperly denied a cane. Although the district court did not specifically address these claims, they are similarly unavailing. Knighten's medical file does not support his claim of medical restrictions based on back or leg pain, and it makes no mention of either the confiscation of a cane or any prohibitions against lifting. Thus, the record does not clearly evince the need for the medical treatment alleged, which defeats Knighten's Eighth Amendment claim. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Further, Knighten's file shows that he underwent several muskoskeletal evaluations as a result of his numerous complaints of leg and back pain and that, on each of the numerous occasions he complained of such pain, he was treated with some combination of ibuprofen, Motrin, and hot or cold packs. As with his claim of chest pains, Knighten's claims of deliberate

3

indifference to his leg and back pain do not involve the denial of medical care. Rather, they amount to nothing more than dissatisfaction or disagreement with the treatment he received and therefore fail under the Eighth Amendment. See Varnado, 920 F.2d at 321. Because all of Knighten's claims fail as a matter of law, summary-judgment dismissal was appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The district court's judgment is AFFIRMED, and Knighten's "Motion for Requested Relief," seeking entry of judgment in his favor, is DENIED.

JUDGMENT AFFIRMED; MOTIONS DENIED.