United States Court of Appeals,

Fifth Circuit.

No. 96-11134

Summary Calendar.

Rosser B. MELTON, Jr., Plaintiff-Appellant,

v.

TEACHERS INSURANCE & ANNUITY ASSOCIATION of AMERICA, Defendant-Appellee,

United States of America, on behalf of its agency, the Internal Revenue Service, Intervenor Defendant-Appellee.

June 16, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

The Appellant, Rosser B. Melton, Jr. ("Melton"), brought suit in state court against Teachers Insurance & Annuity Association of America ("TIAA") alleging that TIAA committed fraud, breach of contract, and breach of fiduciary duty because TIAA was paying Melton's monthly annuity payment to the Internal Revenue Service ("IRS") pursuant to an IRS levy presented to it for the payment of back taxes owed by Melton. The United States, on behalf of the IRS, intervened and removed this action to federal court. The district court granted summary judgment to TIAA and the IRS. Based on the following discussion, we affirm.

*FACTUAL BACKGROUND*

On July 1, 1983, Melton was named as the annuitant on a Teachers Insurance & Annuity Association Contract (the "Annuity")

1

created from an installment refund life annuity. The IRS maintains that Melton is indebted to the United States for unpaid federal income taxes for tax years 1975, 1976, 1977, 1983, and 1986 in the approximate amount of $113,728.88. As a result, on April 15, 1993, the IRS served a Notice of Levy upon TIAA against Melton's interest in the Annuity. TIAA responded to the levy and gave notice to Melton. TIAA also informed the IRS that the type of levy served upon it appeared to be only applicable to amounts due and owing to Melton at that specific point in time. Thus, the following month, the IRS served a second Notice of Levy upon TIAA against Melton's interest in the Annuity.

The second levy was a "continuing levy" effective against any amounts owed by TIAA to Melton whenever those amounts became payable. At the time of the second levy, the Annuity was providing Melton with monthly payments of $236.01. In addition to the second levy, the IRS notified TIAA that Melton was not entitled to any exemptions under § 6334 of the Internal Revenue Code. The IRS also advised TIAA that the levy it presented to TIAA was amended to reflect that position. On June 4, 1993, TIAA gave notice to Melton that his entire monthly annuity benefit would be paid over to the IRS to honor its levy, beginning July 1, 1993. This cause of action ensued.

## DISCUSSION

This Court reviews the district court's grant of summary judgment under a *de novo* standard of review. *Estate of Bonner v. United States,* 84 F.3d 196 (5th Cir.1996). We apply the same

standard as the district court.  Consequently, summary judgment is appropriate where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to judgement as a matter of law.[1]  *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);  *Hibernia Nat'l. Bank v. Carner,* 997 F.2d 94 (5th Cir.1993).  Furthermore, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof.  *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.  However, we must view the evidence in the light most favorable to the nonmovant.  *Hibernia,* 997 F.2d at 97.  The non-moving party must set forth specific facts to establish that there is a genuine issue for trial, but where the evidential submissions lack probative value as to a genuine issue, summary judgment is appropriate.  *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511;  *Hibernia,* 997 F.2d at 97-98.  A summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact.  *Hibernia,* 997 F.2d at 98;  *see also Lechuga v. Southern Pacific Transp. Co.,* 949 F.2d 790, 798 (5th Cir.1992); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th

---

[1]We note that one of the principle purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

Cir.1985). Following these well known standards, we find Melton's argument that the evidence presented by TIAA and the IRS was not competent summary judgment evidence to be meritless.

The district court found that the IRS was authorized by law to levy on the taxpayer's Annuity to collect his unpaid taxes under the authority of 26 U.S.C. § 6331, and that Melton failed to produce any evidence to controvert the IRS's finding that Melton had sufficient other income to preclude the applicability of the exemption under § 6334(a)(9). Melton does not contend that his Annuity is exempt under § 6334(a)(6). Instead, Melton argues that his monthly Annuity payments are exempt under § 6334(a)(9) and that he does not have the burden of proof as to an exemption. We now address Melton's arguments.

The § 6334 exemptions come into play when the government seeks to collect delinquent taxes by administrative levy pursuant to § 6331. Section 6334(a)(9) of the Internal Revenue Code provides a minimum exemption for wages, salary, and other income. Treas.Reg. § 301.6334-2(c) provides in part that if the taxpayer has other income that equals or exceeds the amount exempt from levy, the IRS may treat no amount of the taxpayer's wages, salary, or other income on which the IRS elects to levy as exempt. The IRS made the determination that Melton had other sources of income and, thus, his Annuity income was subject to complete levy. In addition, the IRS complied with the requirement that it notify TIAA that no amount of the Annuity payment was exempt and that TIAA could rely on the notice in honoring the levy.

4

Melton, however, contends that he did not have the burden of proof as to an exemption regarding his annuity income. We disagree. This Court has noted that taxpayers have the burden of proof to prove that an IRS assessment of taxes is improper, *Westbrook v. Commissioner,* 68 F.3d 868 (5th Cir.1995), citing, *United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976), and that the plaintiff bears the burden of proving a wrongful levy. *Century Hotels v. United States,* 952 F.2d 107 (5th Cir.1992); *see also McGinness v. United States,* 90 F.3d 143 (6th Cir.1996). Moreover, Melton cites no authority for his position. Therefore, we hold that once the IRS has determined that a taxpayer, such as Melton, is not entitled to an exemption under § 6334(a)(9), that the taxpayer bears the burden of proof to prove that his annuity income is exempt under § 6334(a)(9). Because Melton, the nonmovant, having the burden of proof, failed to produce any evidence to controvert the IRS's finding that he had sufficient other income to preclude the applicability of the exemption under § 6334(a)(9), Melton has failed to make a sufficient showing which would preclude summary judgment. Melton offered no proof, other than his conclusory statement, that he was entitled to an exemption. Nor did Melton file a verified statement pursuant to Treas.Reg. § 301.6334-4. Consequently, under the summary judgment standards above, we uphold the district court's ruling.

Under § 6331, the IRS is authorized to levy upon all property and rights to property belonging to the taxpayer in order to

5

collect his assessed income tax liabilities. *Shanbaum v. United States,* 32 F.3d 180, 183 (5th Cir.1994); *see also United States v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). Annuities have been found to be within the scope of § 6331. *United States v. Metropolitan Life Ins.,* 874 F.2d 1497 (11th Cir.1989). Section 6332(a) of the Internal Revenue Code provides that "... any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights...." *National Bank of Commerce,* 472 U.S. at 715, 105 S.Ct. at 2921. The custodian of a taxpayer's property has two defenses for failure to comply with an IRS tax levy; one, the custodian is not in possession of the taxpayer's property, or two, the property is subject to a prior judicial attachment or execution. *Id.* at 722, 105 S.Ct. at 2925; *United States v. General Motors Corp.,* 929 F.2d 249, 251 (6th Cir.1991).

The district court granted summary judgment to TIAA on the basis that, once TIAA received notice of the IRS levy, it was obligated pursuant to § 6332(a) to surrender Melton's monthly annuity payments to the IRS. TIAA could not assert the defense that it was not in possession of Melton's property, nor was the property subject to a prior judicial attachment or execution. Failure by TIAA to comply with the IRS's levy, absent any defense, would subject TIAA pursuant to § 6332(d) to personally owing the amount of the property not surrendered, but not to exceed the taxes due along with costs of collection. In addition, § 6332(d)(2)

6

provides for a fifty percent penalty for failure to comply with the levy without reasonable cause. Consequently, TIAA was required, if not motivated, to honor the IRS levy and informed Melton that it would comply with the IRS levy. We find that TIAA fully complied with the statutory requirements of § 6332(a) when it directed Melton's monthly annuity payments to the IRS as directed by the levy. Further, the district court concluded that TIAA was "discharged from any obligation or liability to the delinquent taxpayer ... with respect to such property or rights in property arising from such surrender or payment" under § 6332(e). We agree. Because TIAA complied with the levy issued by the IRS under §§ 6331 and 6332, it is immune from liability to Melton for complying with the levy. *See Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir.1986); *General Motors,* 929 F.2d at 251.

The district court awarded costs against Melton in favor of TIAA. Melton failed to address the issue on appeal. This Court has repeatedly stated that the brief of the appellant is required to contain a statement of the issues presented for review and an argument portion which analyzes and supports those contentions. Consequently, issues not raised or argued in the brief are considered waived and thus will not be noticed or entertained by this Court on appeal. *See United Paperworkers Int'l. Union, AFL-CIO, CLC v. Champion Int'l. Corp.,* 908 F.2d 1252 (5th Cir.1990). Because Melton failed to raise the issue of costs on appeal, we find that he has waived this issue.

*CONCLUSION*

Based on the foregoing discussion, we affirm the district court's grant of summary judgment for TIAA and the United States.

AFFIRMED.