IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30751
Summary Calendar
_____

JESSE ROGERS,

                                        Plaintiff-Appellant,

versus

CRIMINAL JUSTICE FACILITY OF IBERIA PARISH;
GREEN, LIEUTENANT; AL MERITS, LIEUTENANT;
NATHANIEL MITCHELL; DAN DAVID; SIDNEY HEBERT,
SHERIFF; ERROL ANTOINE ROMO ROMERO, SHERIFF,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1932
- - - - - - - - - - -
April 22, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jesse Rogers appeals the dismissal of his civil rights action under 42 U.S.C. § 1983 for alleged torture and abuse which occurred while he was incarcerated at Iberia Parish Criminal Justice Facility. Rogers argues that the district court erred in granting Appellants' motion for summary judgment and dismissing his action as untimely. He contends that the doctrine of *contra non valentem agere nulla currit praescripto* operates to suspend

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the statute of limitations and make this action timely.  He also argues that the district court erred in excluding expert testimony which he submitted and in improperly weighing his own affidavit.

We have reviewed the record and the briefs of the parties and affirm substantially for the reasons given by the district court.  See Rogers v. Criminal Justice Facility of Iberia Parish, 96-CV-1932 (W.D. La. July 1, 1997).  Rogers has failed to meet his burden of establishing that there is a genuine issue of material fact, or that the district court erred in its evidentiary or legal holdings.  FED. R. CIV. P. 56(e); Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997).  Although it was not necessary to exclude any portion of Rogers' affidavit as inadmissible, any error resulting from this exclusion was harmless.  See Richardson v. Oldham, 12 F.3d 1373, 1378 (5th Cir. 1994).

AFFIRMED.