IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30769
Summary Calendar
_____


PAUL LUMPKIN,

                                        Plaintiff-Appellant,

versus

CRIMINAL JUSTICE FACILITY OF IBERIA PARISH;
LT. GREEN; LT. AL MERITS; CAPTAIN NATHANIEL
MITCHELL; WARDEN DAN DAVID; SHERIFF SIDNEY
HEBERT; SHERIFF ERROL ROMERO,

                                        Defendants-Appellants.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1931
- - - - - - - - - - -
April 22, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Paul Lumpkin appeals the dismissal of his civil rights
action under 42 U.S.C. § 1983 for alleged torture and abuse which
occurred while he was incarcerated at Iberia Parish Criminal
Justice Facility.  Lumpkin argues that the district court erred
in granting Appellants' motion for summary judgment and
dismissing his action as untimely.  He contends that the doctrine

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of *contra non valentem agere nulla currit praescripto* operates to

suspend the statute of limitations and make this action timely. He also argues that the district court erred in excluding expert testimony which he submitted and in improperly weighing his own affidavit.

We have reviewed the record and the briefs of the parties and affirm substantially for the reasons given by the district court. See <u>Lumpkin v. Criminal Justice Facility of Iberia Parish</u>, 96-CV-1931 (W.D. La. July 14, 1997). Lumpkin has failed to meet his burden of establishing that there is a genuine issue of material fact, or that the district court erred in its evidentiary or legal holdings. FED. R. CIV. P. 56(e); <u>Melton v. Teachers Ins. & Annuity Ass'n of America</u>, 114 F.3d 557, 559 (5th Cir. 1997). Although it was not necessary to exclude any portion of Lumpkin's affidavit as inadmissible, any error resulting from this exclusion was harmless. See <u>Richardson v. Oldham</u>, 12 F.3d 1373, 1378 (5th Cir. 1994).

AFFIRMED.