IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60664
Conference Calendar

_____


CLYDE W. PARKER,

                                        Plaintiff-Appellant,

versus

STATE OF MISSISSIPPI ET AL.,

                                        Defendants,

JOE PRICE, Sheriff; BRUCE CARVER,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CV-468-BrR
---------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

     Clyde W. Parker appeals the dismissal of his complaint under 42 U.S.C. § 1983 against Sheriff Joe Price, and Captain Bruce Carver.  Parker alleged in his complaint that his constitutional rights were violated when he was been denied access to the prison law library.

     This court reviews the district court's order granting summary judgment de novo.  Melton v. Teachers Ins. & Annuity

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only if "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Ladue v. Chevron, U.S.A., Inc., 920 F. 2d 272, 273 (5th Cir. 1991)(citing Fed. R. Civ. P. 56(c)).

As a general matter, lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977); McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998). However, Bounds "did not create an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). Instead, an inmate alleging denial of access to the courts must demonstrate a relevant, actual injury stemming from the defendants' unconstitutional conduct. See id.

In his complaint, Parker alleged that he needed to visit the library in order to research "Speedy Trial." However, Parker did not allege or present evidence that his attorney had ceased to represent him. This court has held a criminal defendant's right of access to the courts is not infringed if he is represented by counsel. See Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981) (holding that a prisoner's civil rights complaint failed to state a claim for denial of access to the courts when he was represented by counsel in the criminal proceedings). Accordingly, Parker cannot establish an injury based on this claim.

Parker also complained that he wanted information on the medical responsibilities of the Detention Center. However, "the

Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts . . . ." <u>Lewis</u>, 518 U.S. at 360. In his complaint, Parker stated that he had filed a claim in the federal courts regarding his medical claims. Accordingly, Parker cannot show that he was unable to present his grievance to the courts.

As Parker cannot demonstrate that he has suffered an injury because of his alleged inability to access the prison law library, the district court's grant of summary judgment to defendants is AFFIRMED.