IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-51103
Summary Calendar

_____

OLIE MITCHELL,

Plaintiff-Appellant,

versus

WACKENHUT CORRECTIONS;
J. D. WILLIAMS, Warden,
Travis County Community Justice
Center; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; LUCAS, Ms., Supply Supervisor,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. A-99-CV-198-JN

_____

June 26, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Olie Mitchell, Texas prisoner # 620690, appeals from the district court's grant of summary judgment in favor of the defendants in his action pursuant to 42 U.S.C. § 1983. He argues that, as he never received a copy of the magistrate judge's report

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and recommendation, he should not be limited to plain error review on appeal. He further contends that the district court erred in concluding that his allegations fail to describe a violation of his Eighth Amendment rights.

We accept as true Mitchell's assertion that did not receive a copy of the magistrate judge's report and recommendation. Accordingly, we apply the summary judgment standard of review. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The summary judgment evidence is reviewed in the light most favorable to the nonmovant. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Constitution "does not mandate comfortable prisons," but neither does it permit "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981). In Farmer v. Brennan, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," and to ensure that "inmates receive adequate food, clothing, shelter, and medical care. . . ." An inmate must satisfy two requirements to establish an Eighth Amendment violation. First, the deprivation alleged must be sufficiently serious, such that the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. at 834. Second, the inmate must show that the prison official possessed a "sufficiently culpable state of mind." Id. (citation and quotation omitted). In prison conditions cases, the state of mind required "is one of 'deliberate indifference' to inmate health or safety." Palmer v. Johnson, 193 F.3d 346, 351 (5th Cir. 1999) (citation omitted). To establish deliberate indifference, a prisoner must show that the defendants "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

Although prisoners do have a right to be protected from extreme cold, see Palmer, 193 F.3d at 351, Mitchell has failed to demonstrate that the circumstances of his exposure implicate his Eighth Amendment rights. The longest period he complains of being exposed to the 40- to 50-degree temperatures without proper attire is 20 minutes. Exposure to these temperatures for such brief periods, though doubtlessly uncomfortable, does not rise to the level of cruel and unusual punishment. See Farmer, 511 U.S. at 833. Accordingly, we AFFIRM the district court's grant of summary judgment in favor of the defendants.

A F F I R M E D.