IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40249
Summary Calendar

_____

SAN JUANITA BUSTOS GARZA,

Plaintiff-Appellant,

versus

LARRY G. SPENCE, in his official capacity as Sheriff of
Willacy County, Texas, and County of Willacy; COUNTY OF WILLACY,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CV-184
- - - - - - - - - -
December 13, 2000

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

San Juanita Bustos Garza appeals the district court's grant of summary judgment for defendants Larry Spence and County of Willacy dismissing her civil rights lawsuit, filed pursuant to 42 U.S.C. § 1983. This court reviews a district court's grant of summary judgment de novo, applying the same standard as would the district court. See Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garza failed to create an issue of fact that Spence, in his individual capacity, was personally involved in the alleged constitutional violation or that there was a sufficient causal connection between Spence's alleged wrongful conduct and the alleged constitutional violation. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Her official-capacity claim against Spence is really a claim against the County of Willacy and was therefore properly dismissed as duplicative. See Bennett v. Pippin, 74 F.3d 578, 584 (5th Cir. 1996); Sims v. Jefferson Downs Racing Ass'n, 778 F.2d 1068, 1081 (5th Cir. 1985). She also failed to create an issue of material fact that would impose liability upon the County of Willacy. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694-95 (1978); Bennett v. City of Slidell, 728 F.2d 762, 767-69 (5th Cir. 1984)(en banc).

Accordingly, the district court's judgment is AFFIRMED.