United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 1998**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 98-20072
Summary Calendar
_____

GULF GLOBAL NAVIGATION LIMITED,

Plaintiff-Appellant,

versus

CERREY S.A. de C.V.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1630)

November 17, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Gulf Global Navigation Limited ("Gulf Global") appeals the district court's grant of partial summary judgment in favor of Cerrey S.A. de C.V. ("Cerrey"). We review the district court's grant of summary judgment _de novo_. _See Exxon Corp. v. St. Paul Fire and Marine Ins. Co._, 129 F.3d 781 (5th Cir. 1997).

Gulf Global and Cerrey, through their agents, entered into a

---

[1] Pursuant to 5TH CIR. R. 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contract under which Gulf Global agreed to transport a dissembled chimney from Tampico, Mexico to Buenos Aires, Argentina. Shortly after they signed the contract, Cerrey indicated its intent not to perform in accordance with the contract. Gulf Global refused to accept this repudiation and continued to perform under the contract, including nominating a second vessel to make the agreed shipment after successfully obtaining alternate cargo for the original one. Gulf Global contends that the district court erred in determining that Cerrey made a clear and unequivocal repudiation, that Gulf Global's nomination of another vessel was unreasonable, and that Gulf Global failed to mitigate its damages.

We have reviewed the record and the briefs of the parties and affirm substantially for the reasons given by the district court. *See Gulf Global Navigation Ltd. v. Cerrey S.A. de C.V.*, H-96-CV-1630 (S.D. Tex. Dec. 15, 1997). Gulf Global has failed to meet its burden of establishing that there is a genuine issue of material fact, or that the district court erred in its legal holdings. *See* FED. R. CIV. P. 56(e); *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997)("[S]ummary judgment is appropriate where the pleadings and summary judgment evidence present no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.").

AFFIRMED.