United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51266
Summary Calendar
_____

DAWN MCBEE, Individually and as Representative of the Estate
of Randy C. McBee, Jr., Deceased; RANDY C. MCBEE, SR.,
Individually and as Representative of the Estate of Randy
C. McBee, Jr., Deceased,

                              Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

                              Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-1040
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Dawn McBee and Randy McBee, Sr., (the McBees) appeal from

the district court's grant of summary judgment in favor of the

Government on their medical malpractice action arising under the

Federal Tort Claims Act (FTCA).  28 U.S.C. §§ 1346(b), 2671-80.

The McBees sued the Government after the death of their son for

the alleged negligence of Dr. Timothy Porea, who was an active

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

member of the United States Navy at the time of their son's death. The McBees argue that the district court's judgment violates the holding in Starnes v. United States, 139 F.3d 540 (5th Cir. 1998), and that the "borrowed servant" doctrine violates public policy.

The standard of review following the district court's order granting summary judgment is de novo. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Under the FTCA, "the Government is liable for the torts of its employees to the same extent as a private party would be under like circumstances, according to state law." Starnes, 139 F.3d at 542; 28 U.S.C. §§ 2671-80. The Government may also assert the same defenses available to private parties, including the defense of the "borrowed servant." Starnes, 139 F.3d at 542. Texas law recognizes the defense of the "borrowed servant" where the employee of a general employer becomes the borrowed servant of another. Id.

The district court did not err in finding the facts of the instant case distinguishable from Starnes. The Memorandum of

Understanding (MOU) in the instant case entered into between Porea and the Baylor College of Medicine (Baylor), reflects that Baylor exercised control over the medical treatment rendered by Porea. The MOU reflects that Porea was directly supervised by Baylor staff, not independent contractors. Cf. Starnes, 139 F.3d at 542-43. Moreover, the testimony in the record from Rear Admiral Nancy Lescavage, the Commander of the Naval Medical Education and Training Command; from Dr. Kenneth McClain, Porea's supervising doctor and Baylor employee; and from Porea himself, establish that Baylor directly controlled the patient care rendered by Porea. The McBees have not presented any evidence to the contrary. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Although the terms of the MOU do not expressly assign liability to either party, the applicability of the FTCA does not render the Government automatically liable. Compare Palmer v. Flaggman, 93 F.3d 196, 197-99 (5th Cir. 1996), with Starnes, 139 F.3d at 542-43. Subsequent to this court's holding in Starnes, the Texas Supreme Court extended the "borrowed servant" defense to physicians in St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 537-39, 542-43 (Tex. 2002). The MOU and summary judgment evidence in the instant case establish that the district court did not err in concluding that Porea was the "borrowed servant" of Baylor for vicarious liability purposes. Accordingly, the judgment of the district court is AFFIRMED.