United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-30249
Summary Calendar

———————————

ROBERT D MEAUX

Plaintiff - Appellant

v.

EVANS WILLIAMS, Police Officer of St Martin Parish Sheriff
Department, SHERIFFS DEPARTMENT ST MARTIN PARISH

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1855
--------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert D. Meaux filed a complaint under 42 U.S.C. § 1983
against Evans Williams and the St. Martin Parish Sheriff's
Department. On the defendants' summary judgment motion, the
district court dismissed Meaux's unlawful arrest and excessive
force claims against Williams, as well as Meaux's state law
battery claim. The district court also dismissed Meaux's
constitutional claims against the Sheriff of St. Martin Parish,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as well as Meaux's state law battery claim against the sheriff's department as Williams's employer.

This court reviews a district court's grant of summary judgment <u>de novo</u>, applying the same standard as would the district court. <u>See</u> <u>Melton v. Teachers Ins. & Annuity Ass'n of Am.</u>, 114 F.3d 557, 559 (5th Cir. 1997).

In order to establish the use of excessive force, the plaintiff must show an injury, which resulted directly and solely from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable. <u>See</u> <u>Ikerd v. Blair</u>, 101 F.3d 430, 433-34 (5th Cir. 1996). The district court determined that Meaux's excessive force claim should be dismissed because Meaux had provided no evidence to support his allegation that Williams had intentionally struck him with his fist. The district court also determined that the excessive force claim should be dismissed because Meaux had failed to show that he suffered more than a <u>de</u> <u>minimis</u> injury.

Meaux relies on the allegations of his verified complaint to establish the existence of a genuine issue of material fact on his excessive force claim. A verified complaint may serve as competent summary judgment evidence. <u>See</u> <u>Hart v. Hairston</u>, 343 F.3d 762, 765 (5th Cir. 2003). In his complaint, Meaux alleged that when he answered the door, he was pulled out of his house by Williams and then handcuffed. As Meaux lay across his Jacuzzi, Meaux alleges, Williams smashed his fist into his face, breaking

three of Meaux's teeth and opening a cut on his lip that required stitches.

Given the allegations in Meaux's verified complaint, and viewing the inferences to be reasonably drawn from the underlying facts in the record in the light most favorable to the Meaux, see Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986), we are satisfied that Meaux has established that genuine issues of material fact exist as to whether Williams used force that was clearly excessive to the need and as to whether Meaux suffered a cognizable injury as a result of such force. See Ikerd, 101 F.3d at 433-34. Accordingly, we VACATE the district court's dismissal of Meaux's excessive force and state law battery claims against Williams. These claims are REMANDED to the district court for further proceedings.

Meaux does not argue on appeal against the dismissal of his unlawful arrest claim or the dismissal of his claims against the sheriff. Meaux has abandoned these claims by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the district court's dismissal of these claims is AFFIRMED.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.