United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

—————————

No. 04-20579

(Summary Calendar)

—————————

GEORGE Z MENDEZ,

Plaintiff - Appellant,

versus

DOLLAR TREE STORES INC,

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 4:03-CV-1236

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

George Z. Mendez appeals the district court's grant of summary judgment dismissing his suit

for retaliation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*). Mendez

claims that his former employer, Dollar Tree Stores, Inc. ("Dollar Tree"), discriminated against him

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in determining his wages, transfers, promotions, and in his termination because of his national origin, Hispanic and because he filed a complaint with the company headquarters and with the Equal Employment Opportunity Commission ("EEOC").

We review the district court's order granting summary judgment *de novo*. *Melton v. Teachers Inc. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In reviewing the record, we do so in the light most favorable to the non-moving party and the non-moving party is entitled to all reasonable inferences that may be drawn from the facts. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

Title VII makes it illegal for any employer "to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to...compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "In order to prove a prima facie case in a retaliation claim the employee must show: (1) that the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between the protected activity and the adverse employment action." *Haynes v. Pennzoil Company*, 207 F.3d 296, 299 (5th Cir. 2000). If a *prima facie* showing is made, the defendant has an opportunity to articulate a "legitimate, non-discriminatory reason" for the adverse employment decision. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Mendez produced no evidence that Dollar Tree took any employment action in retaliation for his filing a

complaint with the company headquarters or with the EEOC.  Mendez fails to show that a causal connection exists between his complaints and his dismissal by Dollar Tree.  Even if Mendez made out a *prima facie* case for retaliation, Dollar Tree articulated a legitimate nondiscriminatory reason for his termination))poor work performance and continuing violations of company policy.  Thus, we affirm the district court's determination that there is no genuine issue of material fact in support of plaintiff's retaliation claim.

Accordingly, the judgment of the district court is AFFIRMED.