# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-31219
Summary Calendar

MARY EUNICE PARKER

Plaintiff-Appellant

v.

GEORGIA-PACIFIC CORPORATION

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-229

Before  WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mary Eunice Parker appeals the district court's summary judgment in favor of Georgia-Pacific Corporation ("GP"), denying Parker's claim that she was terminated unlawfully on March 11, 2004 in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.  GP files two motions with this court: (1) to dismiss Parker's appeal for failure to comply with 5TH CIR. R. 30, and (2) to strike Parker's record excerpts A-1 through A-3, A-5 through A-10,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A-12 through A-13, and Appendix A to Parker's brief.

Regarding GP's motions, it is noted that Parker's record excerpts A-1 through A-3, A-5 through A-10, A-12 through A-13, and Appendix A to Parker's brief were not filed with the district court and, therefore, are not contained in the record on appeal.  Parker's actions on appeal are not sufficiently egregious to warrant dismissal.  However, "[t]his court's inquiry is limited to the summary judgment record before the trial court:  the parties cannot add exhibits, depositions, or affidavits to support their positions on appeal. . . ."  Topalian v. Ehrman, 954 F.2d 1125, 1131 n.10 (5th Cir. 1992).  Therefore, GP's motion to strike is granted.

The district court found that Parker did not satisfy her burden of production in rebutting each of GP's proffered justifications for termination, namely that Parker was fired for "dishonesty."  Furthermore, the district court found that Parker did not establish that GP's nondiscriminatory rationale for termination was pretextual.  Parker argues that the district court erred in granting summary judgment to GP because there are genuine issues of material fact concerning whether she was terminated for actions occurring during or related to her FMLA-approved leave on the date of termination.[**]

This court reviews de novo the district court's grant of summary judgment.  Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997).  Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

---

[**]Parker also argues for the first time that she was a pro se litigant and should have received additional time to conduct discovery.  This argument lacks merit because Parker was not a pro se litigant at any stage of the district court proceedings.

Parker has not shown that the district court erred in granting summary judgment in favor of GP as she has not shown that there were genuine issues of material fact. The undisputed evidence established that Parker was granted FMLA-approved leave beginning at 2:00 p.m. on March 11, 2004. The undisputed evidence also showed that, before 2:00 p.m., Parker falsely claimed a machine was repaired, was insubordinate towards her supervisors, neglected her duties, and left her job earlier than requested or approved. These actions support GP's termination of Parker. Parker had the burden to bring forth evidence that GP's reason for termination, namely Parker's "dishonesty," was "not the true reason for the employment decision and that the real reason was the plaintiff's participation in the protected activity." Chafflin v. John H. Carter Co., Inc., 179 F.3d 316, 320 (5th Cir. 1999). Parker has not met this burden. Therefore, the judgment is

AFFIRMED; APPELLEE'S MOTION TO DISMISS DENIED; APPELLEE'S MOTION TO STRIKE GRANTED.