# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

No. 07-30904
Summary Calendar

Charles R. Fulbruge III
Clerk

DEBRA S SARPY; LINDA K ROBINSON

　　　　　　　　　　　　　　　　　　Plaintiffs-Appellants

V.

TOWN OF HOMER; HUEY DEAN, Individually & in his official capacity as Mayor of Town of Homer; J C MOORE, Individually & in his official capacity as Town Councilmen; BILLIE KIRK JENKINS, Individually & in his official capacity as Town Councilmen; JOHNETTA FAULKNER, Individually & in her official capacity as Town Councilmen; THOMAS MCDONALD, Individually & in his official capacity as Town Councilmen; JESSIE J FORD, Individually & in his official capacity as Town Councilmen

　　　　　　　　　　　　　　　　　　Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-1373

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

　　The Town of Homer ("Homer") formerly employed Appellants Debra L. Sarpy and Linda K. Robinson, both African-American females, as Town

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Treasurer and the Mayor's Administrative Assistant, respectively. After an election in the fall of 2002, Homer elected Huey Dean–a white male–as the new mayor. Homer also elected a new Board of Selectmen (the "Board") comprised of five members: Johnette Faulkner (a white female), Thomas McDonald (a white male), Jesse Ford (an African-American male), J.C. Moore (an African-American male), and Billy Jenkins (an African-American male). Dean and the Board were sworn into office on January 1, 2003. At that time, Homer faced financial troubles. At a special town meeting on February 20, an independent accountant cautioned that the previous administration had mismanaged restricted funds and that Homer was illegally budgeting a deficit. Accordingly, Dean recommended several cost-cutting measures, including a reduction in Homer's workforce, which were approved by the Board. Of Homer's thirty employees (composed of five white employees and twenty-five African-American employees), eight employees were terminated, including Appellants, seven of whom were African-American. By letter dated February 25, Appellants were notified that they were terminated due to Homer's financial condition.

Appellants filed suit against Homer, Dean, and the Board (collectively, "Appellees") alleging: (1) race and gender discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq; (2) denial of the right to make and enforce contracts in violation of 42 U.S.C. § 1981; (3) violation of their rights under the Equal Protection and Due Process Clauses; (4) violation of 42 U.S.C. § 1983; and (5) an illegal conspiracy to terminate them in violation of 42 U.S.C. § 1985. The district court granted summary judgment in favor of Appellees on all claims. Appellants now appeal.

This Court reviews de novo the district court's grant of summary judgment. Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only where there is no genuine issue of material fact, and the moving party is entitled to judgment as

a matter of law. Fed. R. Civ. P. 56(c); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

To establish a prima facie case of race or gender discrimination, each Appellant must establish that she was: a member of a protected class; qualified for the position from which she was discharged; subjected to an adverse employment action; and treated less favorably than similarly situated individuals who were not members of the protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Vaughn v. Edel, 918 F.2d 517, 521 (5th Cir. 1990). If Appellants establish a prima facie case, "the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action." Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 402 (5th Cir. 2001). At that point, the McDonnell Douglas framework disappears and "the plaintiff must produce substantial evidence of pretext" in order to prevail on her discrimination claim. Id. at 402-03.

The district court found that, even assuming that Appellants established a prima facie case of race and gender discrimination, Homer's need to reduce the workforce in order to manage its financial difficulties was a legitimate, nondiscriminatory rationale. Furthermore, the district court found that Appellants did not create a genuine issue of material fact that such rationale was pretextual. We agree. Appellants' proof of pretext consists of their conclusory subjective beliefs, which is insufficient to survive a summary judgment motion. See Bauer v. Albermarle Corp., 169 F.3d 962, 967 (5th Cir. 1999) ("This court has consistently held that an employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief.") (internal quotation marks and citation omitted). Therefore, Appellants do not prevail on their Title VII claims.

Because Appellants' equal protection, § 1981, § 1983, and § 1985 claims rest upon a finding of racial discrimination, we affirm the district court's grant

of summary judgment to Appellees on these claims. Similarly, we affirm the district court's grant of summary judgment to Appellees in their individual capacities because Appellees did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Regarding Appellants' claim that their due process rights were violated because they were not given an opportunity to be heard at the February 20 meeting, we agree with the district court that Appellants have neither presented evidence to support this assertion nor explained how such alleged failure violates their due process rights. Accordingly, this claim is without merit.

AFFIRMED.