# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-10507

WILLIAM E PLEMONS

                              Plaintiff-Appellee-Cross-Appellant

v.

MICHAEL AMOS, Individually and in his official capacity as Project Director
of the Texas Panhandle Regional Narcotics Trafficking Task Force; TEXAS
PANHANDLE REGIONAL NARCOTICS TRAFFICKING TASK FORCE;
JERRY NEAL, In his official capacity as a member of the Board of Governors
of the Texas Panhandle Regional Narcotics Trafficking Task Force; JOEL
RICHARDSON, In his official capacity as a member of the Board of
Governors of the Texas Panhandle Regional Narcotics Trafficking Task Force;
MIKE SCHUMATE, In his official capacity as a member of the Board of
Governors of the Texas Panhandle Regional Narcotics Trafficking Task Force;
POTTER COUNTY TEXAS; RANDALL COUNTY TEXAS; LARRY
STEWART, Individually and in his official capacity as Sheriff of Swisher
County, Texas, and as a member of the Board of Governors of the Texas
Panhandle Regional Narcotics Trafficking Task Force; SWISHER COUNTY
TEXAS

                              Defendants-Cross-Appellees

CITY OF AMARILLO TEXAS

                              Defendant-Appellant-Cross-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-421

Before GARWOOD, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

The City of Amarillo appeals the district court's conclusion that it unconstitutionally detained Appellee William Plemons. Plemons cross-appeals the district court's grant of summary judgment in favor of all other defendants on all of Plemons' claims, as well as to the City on his claim of excessive force. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

During the winter of 2001, local authorities suspected that Delbert Morris, owner of Morris Furniture Store in Amarillo, Texas, was selling illegal narcotics out of his store. After obtaining a search warrant, the authorities raided the store on December 13th, the same day Plemons visited the store as a customer.

The raid was officially conducted by the Texas Panhandle Regional Narcotics Trafficking Task Force ("the Task Force"). The district court characterized the Task Force as an "inter-governmental manpower-sharing agreement," the operations in which law enforcement personnel from numerous Texas counties and cities participated. The Task Force included deputies from Potter, Randall, and Swisher Counties, as well as numerous Amarillo Police Department ("APD") officers. The raid, characterized as "high risk" by the Task Force, was led by the APD.

Delbert Morris was the only target of the raid. At the time of the raid, three individuals were in the store: Morris, Plemons, and a female store clerk. Upon entering the store, the twenty-one officers ordered all three to the floor. Plemons was handcuffed and forced onto a couch. The search of the store ultimately yielded illegal narcotics and stolen weapons. However, Plemons was not implicated in any criminal activity and was eventually released, having been held for between two and two-and-a-half hours. The search lasted

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

approximately three hours and twenty minutes.

Two years later, Plemons filed pro se a 42 U.S.C. § 1983 suit against the Task Force; the City of Amarillo; Amarillo Police Chief Jerry Neal (only in his official capacity as a member of the Task Force's Board of Governors); Potter County; Mike Shumate, Sheriff of Potter County; Randall County; Joel Richardson, Sheriff of Randall County; Swisher County; Larry Stewart, Sheriff of Swisher County; and Michael Amos, Amarillo Police Department Lieutenant. The last two of these officials were sued in their individual as well as official capacities. Plemons claimed that the defendants violated his Fourth Amendment rights when they used excessive force against him and detained him longer than necessary.

On June 22, 2006, the district court granted all defendants summary judgment as to Plemons' excessive force claim. The district court then granted summary judgment in favor of the Task Force as to all claims, finding that it could not be sued individually. The court also granted each county, its respective sheriff, and Lieutenant Amos summary judgment as to all of Plemons' claims. Thus, after disposition of pretrial motions, the only remaining claim was that of unconstitutional detention against the City of Amarillo.

Following a two-day bench trial on the merits, the district court issued its Findings of Fact and Conclusions of Law, in which it found that "[t]he detention of [Plemons] was prolonged past the time reasonably necessary to conduct an investigation concerning him," and because the officers lacked probable cause to arrest Plemons, it concluded the detention was "unconstitutionally prolonged." The district court further found that Plemons' constitutional injury was the result of a City policy, thereby triggering § 1983 municipal liability. The court awarded Plemons $15,000 in damages on his Fourth Amendment claim, and denied all other relief.

The City appeals, arguing that Plemons' detention was not unconstitutionally prolonged, and, even if it was, that the evidence does not

3

establish the existence of a policy or custom sufficient to sustain municipal liability.  Plemons cross-appeals the district court's summary judgment ruling.

## II.  DISCUSSION

### A.  Unlawful Detention

We assume without deciding for purposes of this appeal that the district court correctly ruled that the City unconstitutionally detained Plemons. Because we do not find that a City policy was the moving force behind this violation, however, we reverse the district court's judgment in favor of Plemons.

We review the district court's findings of fact for clear error and its conclusions of law de novo.  Water Craft Mgmt. LLC v. Mercury Marine, 457 F.3d 484, 488 (5th Cir. 2006).

> A finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or this court is convinced that the findings are against the preponderance of credible testimony.  Reversal for clear error is warranted only if the court has a definite and firm conviction that a mistake has been committed.

Bd. of Trs. New Orleans Int'l Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co., 529 F.3d 506, 509 (5th Cir. 2008) (internal quotation marks and citation omitted).

When suing a municipality under § 1983, a plaintiff must prove an adequate nexus between the unconstitutional act and the municipality—i.e., the plaintiff must show "a policymaker; an official policy [or custom]; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. Houston, 237 F.3d 567, 578 (5th Cir. 2001) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

The only policy Plemons identifies on appeal is the alleged practice of the City to detain all persons found at the premises searched until the search is complete and each person is cleared of wrongdoing.  The district court found as a matter of fact that Plemons' detention "was pursuant to and consistent with

the policies of the City." The district court did not, however, make any specific factual or legal finding that a policy as alleged by Plemons existed, and—more importantly—did not find that the policy was the "moving force" behind Plemons' detention. Also, the undisputed evidence demonstrates that Plemons was released before the search was completed. Because the district court did not make any factual findings identifying such a policy (and because the evidence would not support such a finding), its finding that Plemons was detained pursuant to a City policy was clear error. In addition, the court erred legally by concluding that Plemons' assumed unconstitutional detention was pursuant to a City policy because it did not find the alleged policy was the moving force behind the detention. The court's judgment in favor of Plemons based on this purported policy cannot stand.

The district court also found that "[t]he detention of [Plemons] was prolonged past the time reasonably necessary to conduct an investigation concerning him." But the court did not find that the City had a policy of unreasonably delaying the investigation of a person in Plemons' position, nor did Plemons allege or present any evidence of such a policy. Here, too, there is no finding that this purported policy was the moving force behind Plemons' detention. Upholding the judgment on that basis would therefore be equally unsound.

Accordingly, we conclude the district court erred factually and legally in holding the City responsible for Plemons' assumed unconstitutional detention. We reverse the district court's judgment on this issue and remand for entry of judgment in favor of the City.

B. Excessive Force

Prior to the bench trial, the district court granted all defendants[1] summary judgment with respect to Plemons' excessive force claim. Plemons appeals that

---

[1] None of the defendants were directly involved in detaining Plemons, and thus can be held liable only under a theory of supervisory liability.

decision, which we review de novo. Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). Plemons, who has a plastic aorta, contends that the officers who conducted the search were not adequately trained in how to deal with physically disabled persons.

A plaintiff may recover for a constitutional violation by showing that the given deprivation was the result of the municipality's "failure to supervise." Smith v. Brenoettsy, 158 F.3d 908, 911–12 (5th Cir. 1998). To survive summary judgment, Plemons must bring forward some evidence that the relevant official was deliberately indifferent toward the likelihood that his failure to supervise would result in the plaintiff's injury. Id. at 912. In proving deliberate indifference, a plaintiff generally must demonstrate a historical pattern of excessive force applied by municipal employees. See Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003).

The district court correctly concluded that there was no genuine fact issue as to whether any official demonstrated the requisite deliberate indifference, Plemons having failed to present evidence in proof of a pattern of similar acts involving excessive force to citizens. Plemons has not demonstrated a pattern of deliberate indifference to the use of excessive force. In addition, the district court correctly refused to apply the "single incident exception," a theory applied to find deliberate indifference absent a pattern of past abuses. Roberts v. City of Shreveport, 397 F.3d 287, 295 (5th Cir. 2005). Plemons failed to provide sufficient evidence to show that his injury was a "highly predictable" result of the officers' allegedly deficient training. See id. (stating that such a showing is a prerequisite to application of the single incident exception). The district court did not err in granting summary judgment to the defendants on Plemons' excessive force claim.

C. The Counties

The district court concluded that no policy of the various counties caused Plemons' injury, and the record supports this conclusion. Because Plemons did

not raise a genuine fact issue regarding the causation element of his claims against the counties, the district court did not err in granting the counties summary judgment.

## III. CONCLUSION

The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for entry of judgment in favor of the City.