**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 04-20103
Summary Calendar

---

JAMES PRATHER; FRANCES F. PRATHER, Wife,

Plaintiffs-Appellants,

versus

OCEAN SHIPS INC.; ET AL.,

Defendants,

OCEAN SHIPS, INC.,

Defendant-Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4957
-------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:*

James Prather and his wife, Francis F. Prather, filed a complaint against Ocean Ships, Inc. and

others seeking damages under the Jones Act, 46 U.S.C. § 688, and general maritime law for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

negligence and unseaworthiness, maintenance and cure, and attorney fees. James Prather had developed acute urine retention while in the service of an Ocean Ships vessel. The Prathers dismissed without prejudice all claims against all defendants other than Ocean Ships. The district court and dismissed Mrs. Prather's loss of consortium claim. The Prathers appeal the district court's grant of summary judgment in favor of Ocean Ships on the remaining claims.

This court reviews a district court's grant of summary judgment de novo, applying the same standard as would the district court. See Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The district court found that the Prathers presented no evidence that Ocean Ships had been negligent or that its vessel was unseaworthy. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 338 (5th Cir. 1997) (en banc); Johnson v. Offshore Express Inc., 845 F.2d 1347, 1354 (5th Cir. 1988). On appeal, the Prathers have not shown a genuine issue of material fact with respect to either negligence or unseaworthiness.

Contrary to the Prathers' argument, there is no factual dispute that Ocean Ships paid Prather the required maintenance and cure for his illness while in the service of the vessel. Baldassaro v. United States, 64 F.3d 206, 212-13 (5th Cir. 1995).

Given all of the foregoing, the district court did not err in not awarding the Prathers either punitive damages or attorney fees.

The judgment of the district court is AFFIRMED.