United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-30332
Summary Calendar

———————————

SANDRA GERHOLD,

Plaintiff-Appellant,

versus

AVONDALE INDUSTRIES, INC. EMPLOYEE BENEFIT PLAN,
also known as Avondale Industries Inc. Health Plan,
also known as Avondale Industries Inc. Group Benefit
Plan, also known as Group Life Insurance Co.; JEFFERSON
PILOT FINANCIAL INSURANCE COMPANY, formerly known as
Guarantee Life Insurance Company,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3386
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Sandra Gerhold appeals the district court's decision

granting the motion for summary judgment filed by Avondale

Industries, Inc. (Avondale) and Jefferson Pilot Financial

Insurance Company (Jefferson Pilot). Gerhold argues that the

Summary Plan Description is the document which governs

eligibility for disability benefits and that it granted exclusive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion to the Avondale Committee as Plan Administrator to determine eligibility for benefits. The Summary Plan Description expressly provides that it is not the plan and that in the event of a conflict, the plan document controls. This language is clear and unambiguous and establishes that it is not the plan governing eligibility for benefits. Gerhold has not shown that the district court erred in determining that the long-term disability insurance policy issued by Jefferson Pilot is the plan that governs an employee's eligibility for disability benefits.

Gerhold has not shown that the district court erred in determining that Jefferson Pilot was a fiduciary under the terms of the plan and that its decision should be reviewed under the abuse of discretion standard. The insurance policy gives Jefferson Pilot discretionary authority over the management of the plan and discretionary authority to grant, deny, or review denied claims, and, therefore, the district court did not err in determining that Jefferson Pilot was a fiduciary. See 29 U.S.C. § 1002(21)(A); Reich v. Lancaster, 55 F.3d 1034, 1047 (5th Cir. 1995). Because Jefferson Pilot is the plan fiduciary, the district court did not err in reviewing its decision under the abuse of discretion standard. See Meditrust Fin. Servs. Corp. v. Sterling Chems. Inc., 168 F.3d 211, 213 (5th Cir. 1999).

Gerhold argues that the medical evidence in the administrative record established that she is totally disabled and is entitled to disability benefits. A review of the

administrative record indicates that Jefferson Pilot considered all of the evidence submitted by Gerhold and that its determination is supported by substantial evidence and should be affirmed. See id. at 214-15. Jefferson Pilot was not required to give special deference to the opinion of Gerhold's treating physicians. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 831-34 (2003). The medical evidence indicates that Gerhold's Crohn's Disease improved from October 2001 to December 2001 and that by the end of December 2001, her condition was stable. Although Dr. Herbert Mayer stated that he believed Gerhold was disabled, Gerhold's two other treating physicians, Dr. William Meyers and Dr. Roger Anatasio, stated that they believed Gerhold could work as a computer technician for a different employer under low to moderate stress conditions. Jefferson Pilot's denial of disability benefits is supported by substantial evidence in the administrative record. See Meditrust, 168 F.3d at 214-15. Therefore, the district court did not err in granting the motion for summary judgment filed by Avondale and Jefferson Pilot. See Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997).

AFFIRMED.