United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

No. 04-30987

(Summary Calendar)

———————————

HARRY BOURG CORPORATION,

Plaintiff - Appellant,

versus

DENBURY ONSHORE LLC, formerly Denbury Resources Incorporated,

Defendant - Appellee.

———————————————————————————————————

Appeals from the United States District Court
For the Eastern District of Louisiana
USDC No. 2:04-CV-379-L

———————————————————————————————————

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

   Appellant, Harry Bourg Corporation ("HBC"), appeals the district court's grant of summary

judgment for Denbury Onshore LLC ("Denbury"). The case arises out of a dispute concerning the

———————————

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

interpretation of an Oil, Gas, and Mineral Lease ("Lease") entered into by HBC and Denbury on December 31, 2002. The Lease included a clause that stipulated that it would terminate on December 31, 2003 unless the lessee, Denbury, had undertaken one of two alternative courses of action: (1) conducted drilling operations, or (2) paid a delay rental to the lessor. The district court held that the failure of Denbury to undertake either course of action resulted in the termination of the Lease by its clear terms.

We review the district court's order granting summary judgment *de novo*. *Melton v. Teachers Inc. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing the record, we do so in the light most favorable to the non-moving party and the non-moving party is entitled to all reasonable inferences that may be drawn from the facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Louisiana law applies to this case and provides that a contract is the law between the parties and is read for its plain meaning. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Circle, Inc.*, 915 F.2d 986, 989 (5th Cir. 1990). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA CIV. CODE ANN. art. 2046 (2004). The Lease between HBC and Denbury contained a habendum clause that stipulated a prescribed term of three years that the Lease would remain in effect, and "for as long thereafter as oil, gas, or other mineral is produced in paying quantities." This primary term of the

contract, however, was modified by several provisions, including the clause in the Lease in question that states:

> 1.  This lease shall terminate on the 31st day of December, 2003, unless on or before said date the LESSEE (1) has drilled and/or is drilling a sufficient number of wells to maintain . . . the entirety of the leased premises, or (2) . . . pays to the LESSOR a rental of $400.00 per acre for all or that portion of the land which LESSEE holds hereunder . . .

We agree with the district court that this clause is clear and unambiguous and specifically contemplated that Denbury had the option at the expiration of the first year of the contract to maintain the Lease by either conducting drilling operations or paying delay rentals.  Because Denbury failed to undertake either course of action, the Lease terminated.  Accordingly, the judgment of the district court is AFFIRMED.